UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                       Case No. 20-cr-0237-bhl

CLINTON JAMES JONES,

        Defendant.

## ORDER

On April 7, 2015, Defendant Clinton James Jones was indicted in the Eastern District of Oklahoma on one charge of Felon in Possession of Firearm and Ammunition. (E.D. Okla. No. 15-cr-0021, ECF No. 2.) On April 23, 2015, Jones pleaded guilty to the charge. (*Id*. at 23.) On September 10, 2015, the Court sentenced Jones to 54 months of imprisonment and 3 years of supervised release. (*Id*. at 32-34.) On December 14, 2020, jurisdiction over Jones's supervised release was transferred to the Eastern District of Wisconsin. (E.D. Wis. ECF No. 2.)

On July 28, 2021, Jones filed a motion under 18 U.S.C. §3583(e)(1) asking the Court to terminate his term of supervised release early. (ECF No. 4.) After reviewing the filings and considering the relevant factors in 18 U.S.C. §3553(a), the Court will deny defendant's motion *without prejudice*.

## ANALYSIS

The Court "has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Section 3583(e) provides, "[t]he court may, after considering [certain factors in 18 U.S.C. §3553(a)] –

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e). The relevant sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1). The Court must also consider the need for the sentence to deter criminal conduct, protect the public from further crimes of the defendant, and provide rehabilitative opportunities to the defendant. 18 U.S.C. §3553(a)(2).

Jones' motion consists of a single page letter that does not provide detail sufficient to allow the Court to grant his request. While the docket shows Jones has completed his term of imprisonment and more than two years of supervised release,[1] Jones has not provided any information from which the Court could make the findings necessary to reduce his term of supervised release. In his request for early termination of supervised release, Jones recognizes the negative consequences of his previous bad decisions and indicates he has taken steps to rebuild his life and relationship with his family, but this is not enough to support his request. The Court will deny the motion without prejudice. Jones may renew his motion in the future if he can gather a sufficient basis to support his request for relief.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for early termination of supervised release, (ECF No. 4), is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on August 3, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] According to the Federal Bureau of Prisons, the defendant was released on February 13, 2019.